**STATE of Iowa, Appellee,**

**v.**

**David Frazier BIRD, Appellant.**

**No. 01–1223.**

Supreme Court of Iowa.

May 7, 2003.

Rehearing Denied July 1, 2003.

Jerald W. Kinnamon and J.D. Keegan of Kinnamon, Kinnamon, Russo and Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, J. Patrick White, County Attorney, and David Tiffany and Victoria Dominguez, Assistant County Attorneys, for appellee.

LARSON, Justice.

David Bird was convicted of second-offense operating while intoxicated (OWI) and appealed. The court of appeals reversed on the ground the arresting officer had failed to follow the statutory and administrative requirements for administration of a preliminary breath test (PBT). We vacate the decision of the court of appeals and affirm the judgment of the district court.

### I. *Facts and Prior Proceedings.*

David Bird's vehicle was stopped in Iowa City after he made an illegal turn.

The arresting officer noticed an odor of alcohol, and Bird admitted he had been drinking. The officer testified that Bird told him he had consumed his last beer "about fifteen minutes ago." Bird failed a horizontal gaze and nystagmus test. The officer administered a PBT with an Alco–Sensor III machine about four minutes after the stop. The result, at .117, was over the legal limit. The officer detected a distinct sway. Because of very cold weather conditions, the officer asked Bird to accompany him to the police station for further field sobriety tests. At the station, Bird failed two more field sobriety tests— the one-legged stand and the walk and turn. The officer then invoked implied-consent procedures and gave Bird an Intoxilyzer test. The result was .129. Bird was charged with OWI in violation of Iowa Code section 321J.2 (1999).

Bird moved to suppress the evidence that followed the PBT, claiming the test was not administered in compliance with the United States and Iowa Constitutions, Iowa Code chapter 321J, and rule 661–7.5(2) of the Iowa Administrative Code. The district court rejected these arguments and overruled the defendant's motion. The court later expanded its ruling at the request of the defendant, finding that the calibration substantially complied with statutory requirements. The defendant waived his right to a jury trial. The court, on a stipulated record, found him guilty of second-offense OWI.

The court of appeals reversed on the ground the district court should have suppressed the PBT results because of "the arresting officer's failure to follow the manufacturer's operating instructions for the Alco–Sensor III PBT device, as well as the Iowa City Police Department's failure to record the value and method used to calibrate that device, [thus] necessitat[ing] the exclusion of the Intoxilyzer test result

in this case." This ruling raises the two issues to be considered on our further review: (1) the officer's failure to administer two PBTs, as suggested by the manufacturer's instructions; and (2) failure of the police department to properly document the calibration of the PBT machine.

## II. The Failure to Administer a Second PBT.

■ This issue is identical to that in *State v. Albrecht,* 657 N.W.2d 474 (Iowa 2003). In *Albrecht* we held that a second test was not required under either the Iowa Code or the administrative rules implementing those provisions. *Albrecht,* 657 N.W.2d at 481. Therefore, this argument must be rejected.

## III. The Failure to Complete the Calibration Log.

Iowa Code section 321J.5, providing for the use of approved PBTs, is implemented by Iowa Administrative Code rule 661–7.5. Rule 661–7.5(2) discusses the calibration log:

> 7.5(2) Any peace officer using an approved device shall follow the instructions furnished by the manufacturer for use of such a device. Each unit shall be calibrated at least once per month using either a wet alcohol standard or a dry gas standard. The officer or officer's department shall keep a record of each calibration. This record shall include:
>
> a. The [identity of the] officer performing the calibration.
>
> b. Date
>
> c. *The value and type of standard used.*
>
> d. Unit type and identification number.

(Emphasis added.)

■ The PBT device used in this case has been approved by the commissioner of

public safety as required by statute. However, the calibration log required by the administrative rule did not show "[t]he value and type of standard used," as required by "*c.*"

 In considering what level of compliance is required for PBT testing, we have noted the limited role of these procedures: they are used only for screening purposes, to decide if an arrest should be made. The results are not admissible in an OWI trial. *See* Iowa Code § 321J.5(2); *Albrecht*, 657 N.W.2d at 479. In fact, a PBT is only one of the means for screening. *State v. Palmer*, 554 N.W.2d 859, 864 (Iowa 1996). The horizontal gaze nystagmus, walk-and-turn test, and one-legged standing test are approved as standardized and objective field sobriety tests. *Id.* Bird was given these tests and failed them all. The PBT test only supplemented the field tests and confirmed the officer's decision to arrest Bird.

We believe the calibration of the machine substantially complied with the applicable statutes and administrative rules. If we were to require rigid adherence to the documentation requirements for the value and type of standard used in calibration, this would not reasonably advance the purposes of the PBT, which is to provide, perhaps with other tests, the information necessary to make an informed decision regarding a possible arrest. *See State v. Schlemme*, 301 N.W.2d 721, 724 (Iowa 1981) (requiring second officer, who had not made the initial arrest, to "rearrest" the subject does nothing to further the purposes of the statute; substantial compliance was sufficient); *see also State v. Lindeman*, 555 N.W.2d 693, 696 (Iowa 1996) (substantial compliance sufficient in applying Iowa Code section 321J.6 because allowing substantial compliance would not "compromise" the purposes of the statute); *State v. Satern*, 516 N.W.2d 839, 841 (Iowa 1994) (substantial compliance with section 321J.6 sufficient if purpose of statute not compromised).

### IV. *Conclusion.*

The officer here substantially complied with the requirements of rule 661–7.5(2)(*c* ). The PBT, together with the defendant's performance on the other field tests, is sufficient to support the arrest and subsequent Intoxilyzer test. We therefore vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**